UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL STUART SCHROEDER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:08CV351 (MRK) |
| | : | |
| DEPARTMENT OF | : | |
| VETERANS AFFAIRS, et al., | : | |
| | : | |
| Defendants. | : | |

## Ruling and Order

In this action, *pro se* Plaintiff Paul Stuart Schroeder sues three employees of the U.S. Department of Veterans Affairs (the "Department") and the Department for claims arising from the handling of his claim for compensation  In his Amended Complaint [doc. # 7], Mr. Schroeder says that he is suing for "obstruction of my civil rights and harassment by the defendants and the Dept. of Veterans Affairs."  In a further description of his claim, Mr. Schroeder states that he is suing for:

> obstruction of my civil rights, harassment, violation of discovery, claim # 26465199, results of hearing under oath at Newington VA Facility, with Service Officer Buford! As of 4/25/08 no decision after numerous phone calls visits to Newington VA! When Mr. Buford told me and Ms. Michele Harrison, D.A.V. representative, "I'll give you diabetes plus complications, for my claim of Agent Orange and while exposure in Vietnam!

Defendants moved to dismiss this action under Rule 12(b)(1) of the *Federal Rules of Civil Procedure* for lack of jurisdiction.  *See* Motion to Dismiss [doc. # 14].  The Court provided Mr. Schroeder with notice of the filing of the motion to dismiss and he filed a response in which he reiterated his claims.  *See* Response to Motion to Dismiss [doc. # 18].  The Court understands full

well that Mr. Schroeder is very frustrated with the Department and its employees and he may have good reason to be frustrated. However, for the following reasons the Court **GRANTS** Defendants' Motion to Dismiss [doc. # 14].

As an initial matter, to the extent that Mr. Schroeder is complaining about the merits of his claim for compensation, this Court clearly lacks jurisdiction. A plaintiff wishing to challenge a determination of the Department must appeal a Department ruling to the Board of Veterans Affairs. If the plaintiff is then dissatisfied with the Board's decision, an appeal lies to the United States Court of Appeals for Veterans Claims, *see* 38 U.S.C. § 7252(a), whose decisions may be appealed yet again to the Court of Appeals for the Federal Circuit, *see* 38 U.S.C. § 7292(c). A District Court does not have jurisdiction to review a determination by the Department. *See Barnes v. United States*, No. CV-00-3544 (SJF)(ASC), 2004 WL 957985, at * 5 (E.D.N.Y. Apr. 12, 2004).

In their brief in support of the motion to dismiss, Defendants state that in a March 24, 2008 decision, the Defendant issued a decision captioned "Supplemental Statement of the Case," which appears to be based upon the July 2007 hearing referred to in Mr. Schroeder's complaint. Further, on November 22, 2006, the Hartford Regional Office of the Department stated that it was awaiting guidance from the VA General Counsel because at least some of his claims for compensation may be affected by the a decision from the Court of Appeals for Veterans Affairs. For his part, Ms. Schroeder in his response says, "I have never asked the United States District Court to adjudicate my claim with the Department of Veterans Affairs." Response to Motion to Dismiss [doc. # 18] at 3. Accordingly, Mr. Schroeder seems to appreciate that the Court lacks jurisdiction to review a decision by the Department of Veteran Affairs. The Court would only caution Mr. Schroeder to stay alert to any relevant time periods for appealing decisions of the Department.

In his Response, Mr. Schroeder clarifies that he does not want the Court to review his claim for compensation, but rather is suing in this Court for violation of his civil rights and for the harassment that he believes he has suffered in the manner in which his claim was handled by the Department and its personnel. In particular, Mr. Schroeder complains that over the last three years, he has had to wait lengthy periods for a decision, that he has called the Defendants "countless times," with no satisfactory response, and that Department personnel have hung up on him when he has called to check on his claim.

At the outset, the Court notes that Mr. Schroeder does not specify whether he seeks damages, an injunction, or both. Either way, his suit against the Department must be dismissed because the United States is immune from lawsuits unless it has waived its sovereign immunity. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). Mr. Schroder has not identified any waiver of sovereign immunity in connection with the processing of his claim, and the Court is unable to find any such waiver. And without a waiver, this Court lacks jurisdiction to entertain Mr. Schroeder's claim against the Department. *See Lunney*, 319 F.3d at 554.

Furthermore, if Mr. Schroeder means to sue the Department employees in their official capacity, they too enjoy the sovereign's immunity from lawsuits, at least for damages claims. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). Sovereign immunity would not prevent Mr. Schroeder from seeking an injunction against the Department employees in their official capacities. *See State Employees*

3

*Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity--notwithstanding the Eleventh Amendment--for prospective, injunctive relief from violations of federal law."). However, as stated above, it is unclear whether Mr. Schroeder seeks an injunction or not.

In their Motion to Dismiss, Defendants argue that Mr. Schroeder has not alleged that the Department employees were acting outside the scope of their official capacities. In his Supplemental Memorandum [doc. # 20], however, Mr. Schroeder clarifies that he meant to allege exactly that. Therefore, the Court will construe Mr. Schroeder's complaint as also suing the Department employees in their individual capacities. A government official sued in his individual capacity can be held liable for monetary damages, although they may enjoy qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Lombardi v. Whitman*, 485 F.3d 73, 78 (2d Cir. 2007). In order to bring his claim, however, Mr. Schroeder also needs a cause of action. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, (1971), the Supreme Court created a cause of action for violations of the Fourth Amendment against government officials acting in their personal capacity. The availability of so-called *Bivens* actions has been extended to violations of the First, Fifth, and Eighth Amendments. *See Wilkie v. Robbins*, 127 S. Ct. 2588, 2597 (2007).

However, *Bivens* does not provide a cause of action for every constitutional violation and the Supreme Court recently cautioned "hesitation" before "authorizing a new kind of federal litigation" in the *Bivens* context. *Wilkie*, 127 S. Ct. at 2597. As the Second Circuit recently stated, "[a] Bivens action is a blunt and powerful instrument for correcting constitutional violations and not an 'automatic entitlement' associated with every governmental infraction." *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008) (citing *Wilkie*, 127 S. Ct. at 2597). The Court is doubtful that Mr.

Schroeder has a cause of action under *Bivens*. *See Schweiker v. Chilicky*, 487 U.S. 412, 428 (1988) (finding no *Bivens* action for due process claim for emotional distress damages on the basis of a wrongful denial of social security benefits). However, without greater specificity as to which of his constitutional rights he believes was violated, the Court is unable to make that determination.

Even if the Court were to determine that *Bivens* provided a cause of action, Mr. Schroeder has not provided the Court with enough information to assess the merits of his claim. As stated above, Mr. Schroeder does not specify which constitutional provisions he believes were violated. The Court doubts very much that there is a constitutional right to be treated courteously on the telephone and to receive satisfactory answers when calling a governmental office. However, given Mr. Schroeder's *pro se* status, the Court is willing to give him a chance to amend his complaint in order to clarify his claims.

Therefore, while the Court **GRANTS** Defendants' Motion to Dismiss [doc. # 14], the Court gives Mr. Schroeder leave to file an amended complaint until **January 5, 2009.** In the amended complaint, Mr. Schroeder must specify (1) whether he seeks monetary damages, an injunction, or both, and (2) which particular constitutional provision(s) Mr. Schroeder believes the Department and its employees have violated and why he believes they were violated. If Mr. Schroeder does not file an amended complaint by **January 5, 2009**, this dismissal will become final and the case will be closed.

        IT IS SO ORDERED.

        /s/      Mark R. Kravitz
        United States District Judge

**Dated at New Haven, Connecticut: November 14, 2008**.